Dean B. Herman (SBN 076752)
Catherine L. Rivard (SBN 126237)
MENDES & MOUNT, LLP
445 S. Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel: (213) 955-7700; Fax: (213) 955-7725
Email: Dean.herman@mendes.com
Email: Catherine.rivard@mendes.com

Attorneys for Defendants
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, HARTFORD FIRE
INSURANCE COMPANY, and THE
HARTFORD FINANCIAL SERVICES GROUP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; and ISAAC LARIAN, an individual,<br><br>                Plaintiffs,<br><br>        vs.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; THE HARTFORD FINANCIAL SERVICES GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. ED CV 08-00457 SGL (RNBx)<br><br>**ANSWER OF DEFENDANTS HARTFORE INSURANCE COMPANY OF THE MIDWEST, HARTFORD FIRE INSURANCE COMPANY, AND THE HARTFORD FINANCIAL SERVICES GROUP, INC., TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Hartford Insurance Company of the Midwest ("HICM"),

Hartford Fire Insurance Company ("HFIC"), and The Hartford Financial Services

Group, Inc., for themselves alone, answer the First Amended Complaint

1

1  ("Complaint") filed herein by Plaintiffs MGA Entertainment, Inc. and Issac Larian

2  ("Plaintiffs"), as follows:

3        1.     Answering paragraph 1 of the Complaint, Defendants admit that

4  Plaintiffs have sued HICM as their liability insurer on account of HICM's refusal

5  to defend them in a lawsuit which alleged a claim for copyright infringement.

6  Further answering paragraph 1, Defendants admit that Plaintiffs seek a declaratory

7  judgment that HICM is obligated to provide them with a defense and damages to

8  which they contend they are entitled as a result of HICM's refusal to defend them

9  in the subject underlying lawsuit.  Except as expressly admitted herein, Defendants

10  deny the allegations of paragraph 1.

11        2.     Answering paragraph 2 of the Complaint, Defendants admit that the

12  Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332

13  because the citizenship of the parties is diverse.  Except as expressly admitted

14  herein, Defendants deny the allegations of paragraph 2.

15        3.     Answering paragraph 3 of the Complaint, on information and belief

16  Defendants admit the allegations contained therein.

17        4.     Answering paragraph 4 of the Complaint, Defendants admit the

18  allegations contained therein.

19        5.     Answering paragraph 5 of the Complaint, on information and belief

20  Defendants admit that Plaintiff MGA is a California corporation with its principal

21  place of business in California.  Except as expressly admitted herein, Defendants

22  lack knowledge or information sufficient to form a belief as to the truth of the

23  remaining allegations of paragraph 5 and, on that basis, deny the remaining

24  allegations of paragraph 5.

25        6.     Answering paragraph 6 of the Complaint, on information and belief

26  Defendants admit that Plaintiff Larian is a resident of California.  Further

27  answering paragraph 6 of the Complaint, Defendants admit that the underlying

28  action that is the subject of the Complaint alleges that Plaintiff Larian is the

1   President and Chief Executive Officer of Plaintiff MGA.  Except as expressly
2   admitted herein, Defendants lack knowledge or information sufficient to form a
3   belief as to the truth of the remaining allegations of paragraph 6 and, on that basis,
4   deny the remaining allegations of paragraph 6.

5           7.      Answering paragraph 7 of the Complaint, Defendants admit the
6   allegations contained therein.

7           8.      Answering paragraph 8 of the Complaint, Defendants admit the
8   allegations contained therein.

9           9.      Answering paragraph 9 of the Complaint, Defendants admit the
10  allegations contained therein.

11          10.     Answering paragraph 10 of the Complaint, Defendants admit that
12  HFIC is a wholly owned subsidiary of Defendant The Hartford Financial Services
13  Group, Inc.  Further answering paragraph 10 of the Complaint, Defendants admit
14  that Defendant The Hartford Financial Services Group, Inc. is the ultimate parent
15  of Defendant HCIM and of Defendant HFIC.  Except as expressly admitted herein,
16  Defendants deny the allegations of paragraph 10.

17          11.     Answering paragraph 11 of the Complaint, Defendants deny the
18  allegations contained therein.

19          12.     Answering paragraph 12 of the Complaint, Defendants deny the
20  allegations contained therein.

21          13.     Answering paragraph 13 of the Complaint, Defendants deny the
22  allegations contained therein.

23          14.     Answering paragraph 14 of the Complaint, Defendants deny the
24  allegations contained therein.

25          15.     Answering paragraph 15 of the Complaint, Defendants deny the
26  allegations contained therein.

27          16.     Answering paragraph 16 of the Complaint and each of its subparts,
28  Defendants deny the allegations contained therein.

**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**

17.     Answering paragraph 17 of the Complaint, Defendants admit that Plaintiffs refer in the Complaint to Defendants The Hartford Financial Services Group, Inc., HFIC, and HCIM collectively as "HARTFORD."  Except as expressly admitted herein, Defendants deny the allegations of paragraph 17.

18.     Answering paragraph 18 of the Complaint, Defendants deny the allegations contained therein.

19.     Answering paragraph 19 of the Complaint, Defendants deny the allegations contained therein.

20.     Answering paragraph 20 of the Complaint, Defendants admit that Defendant HCIM underwrote the general liability insurance portion of Policy No. 72 UUN GJ4408 issued to MGA for the period January 1, 2000 to January 1, 2001 (the "Policy").  Further answering paragraph 20 of the Complaint, Defendants admit that portions of the Policy are attached as part of Exhibit 1 to the Complaint. Further answering paragraph 20 of the Complaint, Defendants admit that the complete terms of the Policy underwritten in relevant part by Defendant HCIM speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 20.

21.     Answering paragraph 21 of the Complaint, Defendants admit that MGA and Larian qualify as insureds under the Policy.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 21.

22.     Answering paragraph 22 of the Complaint, Defendants deny the allegations contained therein.

23.     Answering paragraph 23 of the Complaint, Defendants admit that the Policy underwritten in relevant part by Defendant HCIM excludes coverage for any "personal injury" or "advertising injury" "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period[.]"  Except as expressly admitted herein, Defendants deny the allegations of paragraph 23.

1     24.    Answering paragraph 24, Defendants admit that the Policy

2  underwritten in relevant part by HCIM contains the following definition of

3  "advertisement":

> "Advertisement" means a dissemination of information or images that
> has the purpose of inducing the sale of goods, products or services
> through:
>
> a.    (1)    Radio;
>
>       (2)    Television'
>
>       (3)    Billboard;
>
>       (4)    Magazine;
>
>       (5)    Newspaper; or
>
> b.    Any other publication that is given widespread public
>     distribution.
>
> However, "advertisement" does not include the design, printed
> material, information or images contained in, on or upon the
> packaging or labeling of any goods or products.

Except as expressly admitted herein, Defendants deny the allegations of paragraph
24.

     25.    Answering paragraph 25, Defendants admit that the Policy
underwritten in relevant part by Defendant HCIM defines "advertising injury" as
"injury arising out of one or more of the following offenses" and that one of the
following listed offenses is described as "Infringement of copyright, slogan, or title
of any literary or artistic work, in your "advertisement[.]" Except as expressly
admitted herein, Defendants deny the allegations of paragraph 25.

     26.    Answering paragraph 26 of the Complaint, Defendants admit that in
or about April 2004, Mattel, Inc. filed a lawsuit against Carter Bryant in Los
Angeles County Superior Court which was removed to the United States District
Court for the Central District of California, styled *Mattel, Inc. v. Carter Bryant,*

1  Case No. CV-04-9059 ("*Mattel v. Bryant*").  Further answering paragraph 26 of the
2  Complaint, Defendants admit that the pleadings in *Mattel v. Bryant* speak for
3  themselves.  Except as expressly admitted herein, Defendants deny the allegations
4  of paragraph 26.

5       27.    Answering paragraph 27 of the Complaint, Defendants admit that in
6  or about April 2004, Carter Bryant filed a lawsuit against Mattel, Inc. in the United
7  States District Court for the Central District of California, styled *Carter Bryant v.*
8  *Mattel, Inc.,* Case No. CV-04-9049 ("*Bryant v. Mattel*").  Further answering
9  paragraph 27 of the Complaint, Defendants admit that the pleadings in *Bryant v.*
10 *Mattel* speak for themselves.  Except as expressly admitted herein, Defendants
11 deny the allegations of paragraph 27.

12      28.    Answering paragraph 28 of the Complaint, Defendants admit that the
13 pleadings in the *Mattel v. Bryant* and *Bryant v. Mattel* cases speak for themselves.
14 Except as expressly admitted herein, Defendants deny the allegations of paragraph
15 28.

16      29.    Answering paragraph 29 of the Complaint, Defendants admit that the
17 pleadings in *Mattel v. Bryant* speak for themselves.  Further answering paragraph
18 29, Defendants admit that in or about April 2005, MGA filed a complaint against
19 Mattel, Inc. in the United States District Court for the Central District of
20 California, styled *MGA Entertainment, Inc. v. Mattel, Inc., et al.,* Case No. CV-05-
21 2727 ("*MGA v. Mattel*").  Further answering paragraph 29, Defendants admit that
22 the pleadings in *MGA v. Mattel* speak for themselves.  Further answering
23 paragraph 29, Defendants admit that in or about June 2006, the three cases *Mattel*
24 *v. Bryant, Bryant v. Mattel,* and *MGA v. Mattel* were consolidated.  Except as
25 expressly admitted herein, Defendants deny the allegations of paragraph 29.

26      30.    Answering paragraph 30, Defendants admit that in or about January
27 2007, *Mattel* filed in the *MGA v. Mattel* case a first amended answer and
28 counterclaims against MGA and others.  Further answering paragraph 30,

**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**

1    Defendants admit that the first amended answer and counterclaims filed by Mattel,

2    Inc. speak for themselves.  Except as expressly admitted herein, Defendants deny

3    the allegations contained in paragraph 30.

4        31.    Answering paragraph 31 of the Complaint, Defendants admit that in

5    or about July 2007, Mattel filed a second amended answer and counterclaims in

6    *MGA v. Mattel.*  Further answering paragraph 31 of the Complaint, Defendants

7    admit that Exhibit "2" to the Complaint is copy of a "Public Redacted Version" of

8    the second amended answer and counterclaims and that Exhibit "2' omits the

9    exhibits to the second amended answer and counterclaims.  Further answering

10   paragraph 31 of the Complaint, Defendants admit that the second amended answer

11   and counterclaims speak for themselves.  Except as expressly admitted herein,

12   Defendants deny the allegations of paragraph 31.

13       32.    Answering paragraph 32 of the Complaint, Defendants admit that the

14   two quoted sentences appear within paragraph 29 of the counterclaims in the

15   Public Redacted Version of Mattel, Inc.'s second amended answer and

16   counterclaims, together with other language that is not set forth in paragraph 32 of

17   the Complaint, and that the second amended answer and counterclaims as a whole

18   speak for themselves.  Except as expressly admitted herein, Defendants deny the

19   allegations of paragraph 32.

20       33.   Answering paragraph 33 of the Complaint, Defendants are without

21   knowledge or information sufficient to form a belief as to the truth of the facts

22   alleged therein and, on that basis, deny the allegations of paragraph 33.

23       34.    Answering paragraph 34 of the Complaint, Defendants are without

24   knowledge or information sufficient to form a belief as to the truth of the facts

25   alleged therein and, on that basis, deny the allegations of paragraph 34.

26       35.    Answering paragraph 35 of the Complaint, Defendants are without

27   knowledge or information sufficient to form a belief as to the truth of the facts

28   alleged therein and, on that basis, deny the allegations of paragraph 35.

1       36.     Answering paragraph 36 of the Complaint, Defendants deny the

2   allegations contained therein.

3       37.     Answering paragraph 37 of the Complaint, Defendants deny the

4   allegations contained therein.

5       38.     Answering paragraph 38 of the Complaint, Defendants admit that in

6   or about October 2007, MGA requested that HCIM defend it against the

7   counterclaims asserted in Mattel, Inc.'s second amended answer and

8   counterclaims.  Except as expressly admitted herein, Defendants deny the

9   allegations of paragraph 38.

10      39.     Answering paragraph 39 of the Complaint, Defendants admit that in

11   or about November 2007, HCIM communicated to MGA HCIM's tentative

12   position that the pleadings submitted did not allege a claim that was potentially

13   covered under the Policy.  Further answering paragraph 39 of the Complaint,

14   Defendants admit that HCIM's communication to MGA contained the quoted

15   language and the communication as a whole speaks for itself.  Further answering

16   paragraph 39 of the Complaint, Defendants admit that they did not provide MGA

17   with a defense.  Except as expressly admitted herein, Defendants deny the

18   allegations of paragraph 39.

19      40.     Answering paragraph 40 of the Complaint, Defendants deny the

20   allegations contained therein.

21      41.     Answering paragraph 41 of the Complaint, Defendants allege and

22   incorporate by reference each of the preceding paragraphs of this Answer as if

23   fully set forth herein.

24      42.     Answering paragraph 42 of the Complaint and each of its subparts,

25   Defendants deny the allegations contained therein.

26      43.     Answering paragraph 43 of the Complaint, Defendants deny the

27   allegations contained therein.

28      44.     Answering paragraph 44 of the Complaint, Defendants deny the

**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**

1   allegations contained therein.

2          45.    Answering paragraph 45 of the Complaint, Defendants deny the

3   allegations contained therein.

4          46.    Answering paragraph 46 of the Complaint, Defendants deny the

5   allegations contained therein.

6          47.    Answering paragraph 47 of the Complaint, Defendants deny the

7   allegations contained therein.

8          48.    Answering paragraph 48 of the Complaint, Defendants deny the

9   allegations contained therein.

10          49.    Answering paragraph 49 of the Complaint, Defendants deny the

11   allegations contained therein.

12          50.    Answering paragraph 50 of the Complaint, Defendants allege and

13   incorporate by reference each of the preceding paragraphs of this Answer as if

14   fully set forth herein.

15          51.    Answering paragraph 51 of the Complaint, Defendants deny the

16   allegations contained therein.

17          52.    Answering paragraph 52 of the Complaint, Defendants deny the

18   allegations contained therein.

19          53.    Answering paragraph 53 of the Complaint, Defendants allege and

20   incorporate by reference each of the preceding paragraphs of this Answer as if

21   fully set forth herein.

22          54.    Answering paragraph 54 of the Complaint, Defendants admit that

23   Plaintiffs are parties to the Policy contract with HCIM.  Except as expressly

24   admitted herein, Defendants deny the allegations contained in paragraph 54.

25          55.    Answering paragraph 55 of the Complaint, Defendants admit that

26   there is a present and actual controversy between Plaintiffs and Defendants as to

27   whether any of the Defendants is required, under the Policy underwritten in

28   relevant part by Defendant HCIM, to defend the Plaintiffs against the

1    counterclaims pleaded by Mattel, Inc. in the second amended answer and

2    counterclaims filed in *MGA v. Mattel*.  Except as expressly admitted herein,

3    Defendants deny the allegations contained in paragraph 55.

4        56.    Answering paragraph 56 of the Complaint, Defendants admit that

5    Plaintiffs seek the relief they describe in paragraph 56.  Except as expressly

6    admitted herein, Defendants deny the allegations contained therein.

7        57.    Any allegation in the Complaint that is not expressly admitted within

8    this Answer is denied.

9                 **FIRST AFFIRMATIVE DEFENSE**

10              (Failure to State a Claim for Relief)

11       As a first and separate affirmative defense, Defendants allege that the

12    Complaint, and each and every purported claim set forth therein, fails to state facts

13    sufficient to state a claim for relief against Hartford.

14               **SECOND AFFIRMATIVE DEFENSE**

15            (Acts Consistent with Applicable Law)

16       As a second and separate affirmative defense, Defendants alleges that the

17    acts complained of by plaintiffs in the Complaint are consistent with applicable

18    law.

19                **THIRD AFFIRMATIVE DEFENSE**

20              (Failure to Mitigate Damages)

21       As a third and separate affirmative defense, Defendants are informed and

22    believe and on that basis allege that plaintiffs have failed to mitigate their alleged

23    damages and, as a result, any recovery herein must be reduced to the extent such

24    damages, if any, were not mitigated.

25               **FOURTH AFFIRMATIVE DEFENSE**

26                   (Estoppel)

27       As a fourth and separate affirmative defense, Defendants are informed and

28    believe and on that basis allege that plaintiffs by their own conduct are estopped to

1   pursue the recovery sought in the Complaint and each and every purported claim

2   for relief set forth therein, or any recovery at all.

3   **FIFTH AFFIRMATIVE DEFENSE**

4   (Waiver)

5   As a fifth and separate affirmative defense, Defendants are informed and

6   believe and on that basis allege that the Complaint, and each and every purported

7   claim for relief set forth therein, is barred by the doctrine of waiver.

8   **SIXTH AFFIRMATIVE DEFENSE**

9   (Unclean Hands)

10   As a sixth and separate affirmative defense, Defendants are informed and

11   believe and on that basis allege that by virtue of the unlawful, negligent,

12   fraudulent, and/or other wrongful conduct of plaintiffs and/or their agents,

13   servants, employees and/or representatives in, among other things, failing to

14   cooperate with Defendants, or any of them, in the investigation, handling and/or

15   settlement of the matters described in the Complaint, plaintiffs are barred from

16   recovery as against Defendants, or any of them, by plaintiffs' own unclean hands.

17   **SEVENTH AFFIRMATIVE DEFENSE**

18   (Laches)

19   As a seventh and separate affirmative defense, Defendants are informed and

20   believe and on that basis allege that the Complaint, and each and every purported

21   claim for relief set forth therein, is barred by the doctrine of laches.

22   **EIGHTH AFFIRMATIVE DEFENSE**

23   (Comparative/Contributory Fault)

24   As an eighth and separate affirmative defense, Defendants are informed and

25   believe and on that basis allege that any and all damages sustained by plaintiffs, if

26   any, were proximately caused by the acts or omissions of the parties other than

27   Defendants, including third parties and, therefore, any award against Defendants,

28   or any of them, should be reduced by the comparative fault of those parties.

11

**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**

**NINTH AFFIRMATIVE DEFENSE**

(Superseding/Intervening Cause)

As a ninth and separate affirmative defense, Defendants are informed and believe and on that basis allege that any acts or omissions by Defendants were not a substantial factor in bringing about plaintiffs' alleged damages and, therefore, were not a contributing cause thereof, but were superseded by the acts or omissions of plaintiffs and/or their agents, employees or representatives or by the acts or omissions of third parties, which were independent, intervening and proximate causes of any injury or damages suffered by plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

As a tenth and separate affirmative defense, the Complaint and each and every purported claim for relief set forth therein is barred by the applicable statute(s) of limitations, including but not limited to California Code of Civil Procedure sections 312, 337, 338, 339, 340, and 343.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Policy Provisions and Exclusions)

As an eleventh and separate affirmative defense, Defendants incorporate the provisions, terms, conditions, limitations, and exclusions of the insurance policy that is alleged in the Complaint, which individually and/or together provide that plaintiffs have no right to recovery from Defendants, or any of them, for the allegations, claims, damages and other matters asserted in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Damage)

As a twelfth and separate affirmative defense, Defendants are informed and believe and on that basis allege that plaintiffs have not suffered any damage as a result of the conduct of Defendants, or any of them.

ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

As a thirteenth and separate affirmative defense, Defendants are informed and believe and on that basis allege that the Complaint, and each and every purported claim for relief set forth therein, fails to state facts sufficient to justify the imposition of an award of punitive or exemplary damages against Defendants, or any of them, pursuant to California Civil Code section 3294.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonable and Lawful Conduct)

As a fourteenth and separate affirmative defense, Defendants allege that all acts done by them, or any of them, were performed fairly, in good faith, and for a lawful purpose.  The conduct of Defendants was in compliance with the terms and conditions of the insurance policy alleged in the Complaint and in compliance with applicable laws, rules and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Recovery Barred by Insurance Code Section 533)

As a fifteenth and separate affirmative defense, Defendants are informed and believe and on that basis allege that the recovery sought by plaintiffs in their complaint is barred by California Insurance Code section 533 and the public policy of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

As a sixteenth and separate affirmative defense, Defendants reserve the right to raise additional defenses and to supplement those asserted herein after discovery has begun and additional facts and information have become available.

WHEREFORE, Defendants Hartford Insurance Company of the Midwest, Hartford Fire Insurance Company, and The Hartford Financial Services Group,

ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT

1    Inc. pray as follows:

2        1.      That plaintiffs take nothing by their complaint and that Defendants,

3    and each of them, be awarded judgment in their favor;

4        2.      For an award of attorneys' fees to the extent permitted by law or

5    contract;

6        3.      For costs of suit incurred herein; and,

7        4.      For such other and further relief as the Court may deem just and

8    proper.

9

10    DATED: June 5, 2008         MENDES & MOUNT, LLP

11

12                      By: _____

13                       DEAN B. HERMAN

14                       CATHERINE L. RIVARD

                         Attorneys for Defendants HARTFORD

15                        INSURANCE COMPANY OF THE MIDWEST,

16                        HARTFORD FIRE INSURANCE COMPANY,
                         and THE HARTFORD FINANCIAL SERVICES

17                        GROUP, INC.

18

19

20

21

22

23

24

25

26

27

28

**ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**MGA Entertainment, Inc. v. Hartford Insurance, et al.**
**Case No. ED CV 08-00457 SGL-(RNBx)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, 38th Floor, Los Angeles, California.

On **June 5, 2008**, I served the document(s) described as **ANSWER OF DEFENDANTS HARTFORE INSURANCE COMPANY OF THE MIDWEST, HARTFORD FIRE INSURANCE COMPANY, AND THE HARTFORD FINANCIAL SERVICES GROUP, INC., TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested party(s) in this action, as follows:

### SEE ATTACHED SERVICE LIST

__X__ **(By U.S. Mail)** By placing ___ the original / _x_ a true copy thereof enclosed in a sealed envelope(s), with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

____**(Electronic Mail)**   I served the above-entitled document(s) on the interested parties in this action by submitting an electronic version of the document via electronic mail.

____ **(By FedEx)** I placed the above-entitled document(s) in a FedEx (Overnight) envelope/pouch as addressed on the attached service list, with delivery fees paid or provided for and deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf.

_x__ **(Federal)**   I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on **June 5, 2008** at Los Angeles, California.

Elizabeth F. Martinez

1

2

3

**<u>SERVICE LIST</u>**

**MGA Entertainment, Inc. v. Hartford Insurance, et al.**

**Case No. ED CV 08-00457 SGL-(RNBx)**

4 | Michael J. Bidart, Esq.

Ricardo Echeverria, Esq.

5 | SHERNOFF, BIDART, DARRAS & ECHEVERRIA

6 | 600 S. Indian Hill Boulevard

Claremont, CA 91711

7 | Tel: (909) 621-4935

8 | Fax: (909) 625-6915

Attorney for Plaintiffs,

9 | *MGM ENTERTAINMENT, INC. and ISAAC LARIAN*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28