1  MICHAEL J. BIDART #60582
2  RICARDO ECHEVERRIA #166049
   **SHERNOFF BIDART**
3  **DARRAS ECHEVERRIA, LLP**
4  600 South Indian Hill Boulevard
   Claremont, CA  91711
5  Telephone:  (909) 621-4935
6  Facsimile:    (909) 621-6915

7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11  MGA ENTERTAINMENT, INC., a        Case No.: EDCV-08-0457 SGL
    California corporation; and ISAAC   (RNBx) Consolidated with EDCV 08-
12  LARIAN, an individual               0458 SGL (JCRx); EDCV 08-0459
13                                      SGL (JCRx); EDCV 09-0025 SGL
14              Plaintiffs,             (OPx)

15      vs.                            PLAINTIFFS' MEMORANDUM OF
16                                      POINTS AND AUTHORITIES IN
                                        SUPPORT OF MOTION FOR
17  HARTFORD INSURANCE                  PARTIAL SUMMARY
    COMPANY OF THE MIDWEST, an          JUDGMENT OF EVANSTON
18  Indiana corporation; HARTFORD       INSURANCE COMPANY'S
19  FIRE INSURANCE COMPANY, a           LIABILITY FOR DEFENSE COSTS
    Connecticut corporation; THE
20  HARTFORD FINANCIAL
    SERVICES GROUP, INC., a             Date:      September 21, 2009
21  Delaware corporation; and DOES 1    Time:      10:00 a.m.
22  through 10, inclusive               Ctrm:      1
23                                      [Honorable Stephen G. Larson]
                Defendants.
24                                      [Filed concurrently with Notice of Motion
25                                      and Motion; Statement of Facts and
                                        Conclusions of Law; Declaration of Michelle
26                                      Darringer; Request for Judicial Notice and
                                        Proposed Order.]
27

28

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 1

STATEMENT OF FACTS ......................................................................... 1

    A. The Evanston Policies ...................................................................... 1

    B. The Mattel Action .............................................................................. 1

    C. Evanston Refuses to Provide a Defense ........................................ 2

    D. This Court Finds Evanston Has a Duty to Defend ....................... 2

ARGUMENT ............................................................................................... 3

I.   PARTIAL SUMMARY JUDGMENT IS APPROPRIATE ................. 3

II.  THE HOURLY RATE LIMITATION OF CALIFORNIA CIVIL
     CODE SECTION 2860(C) DOES NOT APPLY TO DEFENSE
     COSTS INCURRED BY PLAINTIFFS WHILE EVANSTON WAS
     IN BREACH OF ITS DUTY TO DEFEND ......................................... 4

III. EVANSTON IS LIABLE OR THE COSTS OF DEFENDING BOTH
     COVERED AND UNCOVERED CLAIMS WHILE IT WAS IN BREACH
     OF ITS DUTY TO DEFEND .............................................................. 7

IV. CONCLUSION ...................................................................................... 10

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON'S LIABILITY FOR
DEFENSE COSTS

1

# TABLE OF AUTHORITIES

2

## Cases

3

4
*Amato v. Mercury Cas. Ins. Co.,*
  53 Cal. App. 4th 825, 831 (1997)...................................................................7
5

6
*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242, 248 (1986) .............................................................................3
7

8
*Assurance Co. of America v. Haven,*
  32 Cal. App. 4th 78, 87 (1995)......................................................................5
9

10
*Atmel Corp. v. St. Paul Fire & Marine,*
  426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005) ...........................................4, 6
11

12
*Buss v. Superior Court,*
  16 Cal. 4th 35 (1997).......................................................................7, 8, 9, 10
13

14
*California v. Pacific Indem. Co.,*
  63 Cal. App. 4th 1535, 1544 (1998)......................................................passim
15

16
*Cassady v. Morgan, Lewis & Bockius LLP,*
  145 Cal. App. 4th 220, 236 (2006)................................................................9
17

18
*Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest,*
  2001 WL 34050685, at *3 .............................................................................6
19

20
*County of San Bernardino v. Pacific Indem. Co.,*
  56 Cal. App. 4th 666, 692 (1997)..................................................................5
21

22
*Electronics for Imaging, Inc. v. Atlantic Mutual Ins. Co.,*
  2007 WL 1430032 (N.D. Cal. 2007)..............................................................9
23

24
*Foxfire, Inc. v. New Hampshire Ins. Co.,*
  1994 WL 361815, at *3 (N.D. Cal. July 1, 1994)..........................................6
25

26
*Musser v. Provencher,*
  28 Cal. 4th 274, 282-83 (2002) .....................................................................5

27

28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

*Prichard v. Liberty Mut. Ins. Co.,*
   84 Cal. App. 4th 890, 907 n.16 (2000)...................................................9

*San Diego Federal Credit Union v. Cumis Ins. Society, Inc.,*
   162 Cal. App. 3d 358 (1984)...................................................................4

*San Gabriel Valley Water Co. v. Harford Accident and Indem. Co.,*
   82 Cal. App. 4th 1230, 1239-42 (2000) ..................................................4

*Scottsdale Ins. Co. v. MV Transportation,*
   36 Cal. 4th 643, 657 (2005)....................................................................8

*Stalberg v. Western Title Ins. Co.,*
   230 Cal. App. 3d 1223, 1233 (1991).......................................................7

**Statutes**

California Civil Code § 2860(c) ...................................................1, 3, 4, 10

Fed. R. Civ. Proc. 56................................................................................3

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON'S LIABILITY FOR
DEFENSE COSTS

**INTRODUCTION**

On June 24, 2009, this Court granted plaintiffs' motion for partial summary judgment on the issue of defendant Evanston Insurance Company's duty to defend them in the ongoing Bratz doll litigation. *Mattel, Inc. v. Bryant*, Case No. CV-04-9059 SGL (RNBx). Although Evanston has now belatedly agreed to participate in the defense going forward, Evanston has yet to contribute anything to the tens of millions of dollars already incurred by plaintiffs in their own defense.

The purpose of this motion is to resolve outstanding legal issues regarding Evanston's liability for defense costs already incurred by plaintiffs as a direct result of Evanston's refusal to provide a defense. Specifically, plaintiffs seek partial summary judgment on the following issues: (i) the hourly rate limitation of California Civil Code § 2860(c) is not applicable to fees incurred when Evanston was in breach of its duty to defend; and (ii) Evanston is liable for the costs of defending both covered *and* uncovered claims during the period of time when it was in breach of its duty to defend. Having refused to defend, Evanston is now liable for the actual costs incurred by plaintiffs in defending the entire *Mattel* action.

**STATEMENT OF FACTS**

**A. The Evanston Policies**

Evanston issued Commercial General Liability Policies to MGA and Larian for policy years 2001 and 2002. Both policies provided coverage for damages caused by "personal and advertising injury." The coverage for personal and advertising injury included a provision stating: "We will have the right and duty to defend the insured against any 'suit' seeking those damages."

**B. The Mattel Action**

In April 2004, MGA's competitor, Mattel, Inc. ("Mattel"), filed suit against

SHERNOFF BIDART
DARRAS ECHEVERRIA⸍
LAWYERS FOR INSURANCE POLICYHOLDERS

1   Carter Bryant, an MGA employee, in Los Angeles Superior Court. The action was
2   removed to this Court. *Mattel, Inc. v. Bryant*, Case No. CV-04-9059 SGL (RNBx)
3   ("the *Mattel* action"). The *Mattel* complaint alleged that Bryant had conceived and
4   developed his idea for the popular "Bratz" dolls while working for Mattel and had
5   misappropriated the idea and sold it to MGA.
6       On July 17, 2007, Mattel filed a Second Amended Answer and
7   Counterclaims ("SAAC") in the *Mattel* action. The SAAC named MGA, Larian,
8   and several other former Mattel employees as counter-defendants. Mattel's SAAC
9   included allegations that MGA and Larian had made misrepresentations to retailers
10  about Mattel's products and had issued false and misleading press releases
11  regarding the Bratz doll and Mattel's BARBIE products.
12
13  **C. Evanston Refuses to Provide a Defense**
14      On October 22, 2007, MGA and Larian tendered the defense of the *Mattel*
15  action to Evanston. By letter dated November 13, 2007, Evanston denied the
16  tender and stated: "No defense in the pending lawsuit will be provided."
17      As a result of the refusal of Evanston and several other carriers to provide a
18  defense in the *Mattel* action, MGA and Larian have incurred tens of millions of
19  dollars in fees and costs to defend themselves. The *Mattel* action is still in
20  litigation.
21
22  **D. This Court Finds Evanston Has a Duty to Defend**
23      On January 7, 2009, MGA and Larian filed this action against Evanston and
24  other carriers alleging they had breached their duty to defend them in the *Mattel*
25  action and seeking damages for the breach. The complaint alleged causes of action
26  for breach of the covenant of good faith and fair dealing, breach of contract, and
27  declaratory relief.
28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

- 2 -

1    On June 24, 2009, this Court granted plaintiffs' motion for partial summary
2    judgment on the issue of Evanston's duty to defend the *Mattel* action under both
3    policies. The Court found that Evanston had a duty to defend because there was a
4    potential for coverage based on Mattel's allegations of trade libel against MGA
5    and Larian.
6    Based on this Court's ruling, Evanston finally agreed to participate in the
7    ongoing defense of the *Mattel* action by letter dated July 20, 2009, subject to a
8    reservation of rights. However, Evanston still has not paid anything for defense
9    costs incurred by MGA and Larian prior to July 20, 2009. Plaintiffs have settled
10   their claims with the other carriers named as defendants in this action.
11
12   **ARGUMENT**
13   **I.**
14   **PARTIAL SUMMARY JUDGMENT IS APPROPRIATE**
15   Partial summary judgment is appropriate when there is no genuine issue of
16   material fact and the moving party is entitled to judgment as a matter of law. Fed.
17   R. Civ. Proc. 56. Facts are "material" if a dispute over them "might affect the
18   outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,
19   477 U.S. 242, 248 (1986).
20   The material facts at issue here are undisputed. It is undisputed that
21   Evanston refused to defend the *Mattel* litigation. Based on the facts alleged in the
22   *Mattel* complaint, this Court has now ruled that Evanston had a duty to defend. As
23   a matter of law based on these undisputed facts, (i) the hourly rate limitation of
24   California Civil Code § 2860(c) does not apply to defense costs incurred while
25   Evanston was in breach of its duty to defend, and (ii) Evanston is liable for the
26   costs of defending both covered *and* uncovered claims during this period of time.
27   These issues are appropriate for partial summary judgment. *See, e.g., Atmel Corp.*
28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1   *v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005) (granting

2   partial summary judgment on inapplicability of § 2860 to insurer that refused to

3   defend).

4                                                   **II.**

5   **THE HOURLY RATE LIMITATION OF CALIFORNIA CIVIL**

6   **CODE SECTION 2860(C) DOES NOT APPLY TO DEFENSE COSTS**

7   **INCURRED BY PLAINTIFFS WHILE EVANSTON WAS IN BREACH OF**

8   **ITS DUTY TO DEFEND**

9            When an insurer provides a defense to its insured, and appoints independent

10  counsel of the insured's choosing due to a conflict of interest, California Civil

11  Code § 2860(c) states: "The insurer's obligation to pay fees to the independent

12  counsel selected by the insured is limited to the rates which are actually paid by the

13  insurer to attorneys retained by it in the ordinary course of business in the defense

14  of similar actions in the community where the claim arose or is being defended."

15  In the case of multiple insurers who provide a defense and all contribute to the cost

16  of independent counsel, § 2860(c) imposes a cap on the rates applicable to all

17  defendants collectively. *San Gabriel Valley Water Co. v. Harford Accident and*

18  *Indem. Co.*, 82 Cal. App. 4th 1230, 1239-42 (2000). However, § 2860(c) applies

19  only when the insurer has *accepted* the defense of the action and there is a conflict

20  of interest between insurer and insured requiring appointment of independent

21  counsel. As a matter of law, the statute does not apply where the insurer has

22  *refused* to provide a defense. *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp.

23  2d 1039, 1047-48 (N.D. Cal. 2005). Accordingly, Evanston is not entitled to the

24  protections of § 2860(c) for defense costs incurred when Evanston was in breach of

25  its duty to defend prior to July 20, 2009.

26           Section 2860 codified the holding of *San Diego Federal Credit Union v.*

27  *Cumis Ins. Society, Inc.*, 162 Cal. App. 3d 358 (1984) (*Cumis*), which held that an

28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1  insurance company must pay for independent counsel for its insured when there

2  are divergent interests of the insured and insurer brought about by the insurer's

3  reservation of rights to deny coverage under an insurance policy. *Musser v.*

4  *Provencher*, 28 Cal. 4th 274, 282-83 (2002). "Since it is almost unavoidable that,

5  in the course of investigating and preparing the insured's defense to the third

6  party's action, the insured's attorney will come across information relevant to a

7  coverage or similar issue, it is quite difficult for an attorney beholden to the insurer

8  to represent the insured where the insurer is reserving its rights regarding coverage

9  ...." *Assurance Co. of America v. Haven*, 32 Cal. App. 4th 78, 87 (1995). In such

10  circumstances, "the insurer may be subject to substantial temptation to shape its

11  defense so as to place the risk of loss entirely on the insured." *Cumis*, 162 Cal.

12  App. 3d at 364.

13     Section 2860(a) states that an insurer must provide independent *Cumis*

14  counsel to the insured if the insurer has a duty to defend "and a conflict arises

15  which creates a duty on the part of the insurer to provide independent counsel ...."

16  Section 2860(b) provides that such a conflict may arise "when an insurer reserves

17  its rights on a given issue and the outcome of that coverage issue can be

18  controlled" by defense counsel. "When an insurer's reservation of rights creates

19  such conflict of interest, section 2860, subdivision (c), imposes a specific

20  limitation on the hourly rate an insurer must pay to *Cumis* counsel selected by the

21  insured." *County of San Bernardino v. Pacific Indem. Co.*, 56 Cal. App. 4th 666,

22  692 (1997). Where multiple insurers agree to defend and provide *Cumis* counsel, §

23  2860(c) "imposes a 'cap' on fee rates payable that applies to all defendants

24  collectively." *San Gabriel Water Co.*, 82 Cal. App. 4th at 1239.

25     By its terms, section 2860 applies only when there is a conflict of interest

26  requiring appointment of independent counsel. *County of San Bernardino v.*

27  *Pacific Indem. Co.*, 56 Cal. App. 4th at 693 (holding that fee limitation of § 2860(c)

28  does not apply in absence of conflict of interest requiring appointment of

- 5 -

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1  independent counsel). By definition, such a conflict occurs only when the insurer
2  has agreed to defend. The conflict arises from the insurer's agreement to assume
3  the defense and provide a lawyer who would otherwise be beholden to the insurer
4  and subject to conflicting loyalties. In such circumstances, the insurer has a duty
5  to pay for independent counsel chosen by the insured, but § 2860(c) limits the rate
6  that must be paid.

7  　　　By contrast, an insurer's outright *refusal* to defend does not result in any
8  such conflict. If the insurer refuses to defend and declines to pay for *any* lawyer,
9  there is no requirement to appoint independent *Cumis* counsel and § 2860 simply
10  does not apply. An outright refusal to defend obviously does not result in the
11  appointment of a defense lawyer who would be beholden to the insurer.
12  Accordingly, if the insurer has refused to provide any defense, and the insurer had
13  been forced to fund its own defense, the insurer's liability for breach of the duty to
14  defend is not limited by § 2860(c).

15  　　　In *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039 (N.D. Cal.
16  2005), the court granted partial summary judgment on this precise issue. The court
17  first held that an insurer had breached its duty to defend an action against its
18  insured. *Id*. at 1043-46. The court then went on to decide whether the insured's
19  damages were limited by Civil Code section 2860(c). *Id*. at 1047-48. The court
20  ruled: "[A]s numerous courts have recognized, '[t]o take advantage of the
21  provisions of § 2860, an insurer must meet its duty to defend and accept tender of
22  the insured's defense, subject to a reservation of rights.'" *Id*. at 1047 (citing
23  *Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest*, 2001 WL 34050685,
24  at *3 (C.D. Cal. May 22, 2001); *California v. Pacific Indem. Co.*, 63 Cal. App. 4th
25  1535, 1544 (1998); *Foxfire, Inc. v. New Hampshire Ins. Co.*, 1994 WL 361815, at
26  *3 (N.D. Cal. July 1, 1994)). "Here, it is undisputed that [the insurer] did not
27  defend [the insured] ... and thus the Court concludes defendant cannot avail itself
28  of the protections and limitations set forth in § 2860." *Id*. at 1047.

- 6 -

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1  Under these authorities, Evanston cannot avail itself of the rate limitation set

2  forth in § 2860(c) for defense costs incurred when Evanston was wrongfully

3  refusing to provide a defense. The statute does not apply because Evanston

4  provided no defense. In these circumstances, under California law, the proper

5  measure of damages for Evanston's breach of the duty to defend is the actual costs

6  of the defense incurred by plaintiffs. *California v. Pacific Indem. Co.*, 63 Cal.

7  App. 4th at 1555 ("By breaching its duty to defend, Pacific Indemnity became

8  liable for reasonable attorney's fees incurred for the defense."); *Amato v. Mercury*

9  *Cas. Ins. Co.*, 53 Cal. App. 4th 825, 831 (1997) ("Where an insured mounts a

10 defense at the insured's own expense following the insurer's refusal to defend, the

11 usual contract damages are the costs of defense."); *Stalberg v. Western Title Ins.*

12 *Co.*, 230 Cal. App. 3d 1223, 1233 (1991) (breach of duty to defend "subjects

13 [insurer] to liability for the insured's full attorneys' fees and costs incurred

14 thereafter with other counsel").

15

16                                    **III.**

17        **EVANSTON IS LIABLE OR THE COSTS OF DEFENDING BOTH**

18    **COVERED AND UNCOVERED CLAIMS WHILE IT WAS IN BREACH**

19                        **OF ITS DUTY TO DEFEND**

20  By breaching its duty to defend, Evanston also failed to preserve its right to

21 seek an allocation of defense costs between covered and uncovered claims under

22 *Buss v. Superior Court*, 16 Cal. 4th 35 (1997). As a matter of law, an insurer's

23 right to seek reimbursement of defense costs allocable to uncovered claims is not

24 available to an insurer that breaches its duty to defend and forces the insured to

25 fund its own defense.

26  "In a 'mixed' action, in which some of the claims are at least potentially

27 covered or in which parts of a claim are potentially covered, and others are not, the

28 insurer has a duty to defend the entire action." *California v. Pacific Indem. Co.*, 63

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1  Cal. App. 4th 1535, 1547-48 (1998).  "It has a duty to defend the 'mixed' action *in*

2  *its entirety*, i.e., as to both the claims that are at least potentially covered, and also

3  those that are not....  To defend meaningfully, it must defend immediately.  To

4  defend immediately, it must defend entirely.  It cannot parse the claims, dividing

5  those that are at least potentially covered from those that are not." *Buss*, 16 Cal. 4th

6  at 58-59 (1997) (emphasis in original).  This duty to defend "continues until the

7  third party litigation ends, unless the insurer sooner proves, by facts subsequently

8  developed, that the potential for coverage which previously appeared cannot

9  possibly materialize, or no longer exists." *Scottsdale Ins. Co. v. MV*

10  *Transportation*, 36 Cal. 4th 643, 657 (2005).

11  　　In *Buss*, the California Supreme Court "reaffirmed the duty to *defend* - i.e.,

12  to mount and fund a defense - and to defend *entirely* - i.e., as to both the claims

13  that are at least potentially covered and also those that are not." *Buss*, 16 Cal. 4th at

14  59 n.23.  However, the Court also held when an insurer has fulfilled its obligation

15  to fund a complete defense to the entirety of a mixed action, it has an implied-in-

16  law right to seek reimbursement of defense costs allocable solely to claims that

17  were not even potentially covered.  *Buss*, 16 Cal. 4th at 50-52.

18  　　*Buss* held that this right of reimbursement is available only if the insurer has

19  provided a defense subject to a reservation of rights.  *Id.* at 61 n.27.  The Court

20  stated: "To the extent that this right is implied in law as quasi-contractual, it must

21  indeed be reserved. ... To the extent that this right is implied in fact in the policy

22  as contractual, it *should* be reserved.  Through reservation, the insurer avoids

23  waiver." *Id.*  As the Court later explained, such a reservation of rights is necessary

24  to give the insured an opportunity "to decide whether to accept the insurer's terms

25  for providing a defense, or instead to assume and control its own defense."

26  *Scottsdale Ins. Co.*, 36 Cal. 4th at 656.

27  　　Accordingly, the right to reimbursement under *Buss* is not available to an

28  insurer that has wrongfully refused to provide any defense.  "The insurer must

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

- 8 -

1  preserve its right to seek reimbursement *by undertaking defense of its insured upon*
2  *an express reservation of rights*, a reservation the insurer may unilaterally impose."
3  *California v. Pacific Indem. Co.*, 63 Cal. App. 4th at 1547 (emphasis added). "*Buss*
4  was premised on a 'defend now seek reimbursement later' theory. By repudiating
5  its duty to defend and providing no defense, [an insurer] has nothing from which to
6  seek reimbursement." *Id.* at 1549 (citation omitted); *see also Cassady v. Morgan,*
7  *Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 236 (2006) ("When an insurer
8  *refuses* to defend an action in which a potential for coverage exists, the insured
9  may recover defense costs, *including attorney's fees allocable to the defense of*
10 *uncovered claims*, unless the insurer can prove they were unreasonable or
11 unnecessary.") (emphasis added); *Prichard v. Liberty Mut. Ins. Co.*, 84 Cal. App.
12 4th 890, 907 n.16 (2000) (stating that "no *new* consideration is required to support
13 the insurer's reimbursement right *beyond the provision of a defense to the whole of*
14 *a mixed action in the first place*") (emphasis added).
15       In *Electronics for Imaging, Inc. v. Atlantic Mutual Ins. Co.*, 2007 WL
16 1430032 (N.D. Cal. 2007), the district court, applying California law, held that an
17 insurer who had breached the duty to defend was liable for the cost of defending
18 the entire action, and was not entitled to deduct costs the insurer incurred in
19 defending uncovered claims. The court ruled that the right to reimbursement under
20 *Buss* applies only when the insurer accepted the defense under a reservation of
21 rights: "The insurer cannot seek reimbursement ... if it breached its obligation to
22 provide a defense in the first place-there is nothing to reimburse since the insurer
23 paid nothing." *Id.* at *1. The court noted that a contrary rule "would give an
24 insurer a disincentive to provide a defense; regardless of whether the insurer
25 provides a defense, the insurer would not be liable for those costs that it proves
26 were incurred solely in defense of non-covered claims." *Id.* at *2.
27       Under these authorities, Evanston is responsible for all of the costs incurred
28 by MGA and Larian in defending the entire *Mattel* action at their own expense,

- 9 -

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1    including the costs of defending uncovered claims.  Evanston had "a duty to

2    defend the 'mixed' action *in its entirety*, i.e., as to both the claims that are at least

3    potentially covered, and also those that are not." *Buss*, 16 Cal.4th at 58 (emphasis

4    added).  Evanston failed to "preserve its right to seek reimbursement" because it

5    did not "undertak[e] defense of its insured upon an express reservation of rights

6    ...." *California v. Pacific Indem. Co.*, 63 Cal. App. 4th at 1547.  Having refused to

7    defend and failed to reserve its rights, Evanston is now liable for all costs incurred

8    in defense of the entire *Mattel* action while it was in breach of its duty to defend.

9

10                                    **IV.**

11                               **CONCLUSION**

12            For the foregoing reasons, plaintiffs submit that partial summary judgment

13    should be granted on the following issues: (i) the hourly rate limitation of

14    California Civil Code § 2860(c) is not applicable to fees incurred when Evanston

15    was in breach of its duty to defend; and (ii) Evanston is liable for the costs of

16    defending both covered *and* uncovered claims during the period of time when it

17    was in breach of its duty to defend.

18

19

20    Dated:  August 31 , 2009                    SHERNOFF BIDART

21                                                 DARRAS ECHEVERRIA, LLP

22

23

24                                        By _____

25                                             MICHAEL J. BIDART
                                             RICARDO ECHEVERRIA
26                                             Attorneys for Plaintiffs

27

28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS