UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; and ISAAC LARIAN, an individual,<br><br>Plaintiffs,<br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; THE HARTFORD FINANCIAL SERVICES GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. EDCV-08-0457 SGL (RNBx) Consolidated with EDCV 08-0458 SGL (JCRx); EDCV 08-0459 SGL (JCRx); EDCV 09-0025 SGL (OPx)<br><br>[Honorable Stephen G. Larson]<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON'S LIABILITY FOR DEFENSE COSTS |

-1-

[Proposed]Order Granting Plaintiffs' Motion for Partial Summary Judgment on Evanston's Liability for Defense Costs

1   This matter is before the Court on the motion of plaintiffs MGA
2   Entertainment, Inc. ("MGA") and Isaac Larian ("Larian") (collectively "plaintiffs")
3   for partial summary judgment against defendant Evanston Insurance Company
4   ("Evanston") on Evanston's liability for defense costs incurred by plaintiffs in
5   *Mattel, Inc. v. Carter Bryant*, USDC CDCA Case No. CV 04-9059 SGL (RNBx)
6   ("the Underlying *Mattel* action" or "the *Mattel* action"). Plaintiffs seek partial
7   summary judgment on two issues: (i) the hourly rate limitation of California Civil
8   Code § 2860(c) is not applicable to fees incurred when Evanston was in breach of
9   its duty to defend; and (ii) Evanston is liable for the costs of defending both
10  covered *and* uncovered claims during the period of time when it was in breach of
11  its duty to defend. For the reasons stated, the Court hereby grants plaintiffs'
12  motion for partial summary judgment on both issues.
13       On June 24, 2009, this Court granted plaintiffs' prior motion for partial
14  summary judgment on the issue of Evanston's duty to provide a defense in the
15  *Mattel* action. On July 20, 2009, Evanston agreed to participate in the ongoing
16  defense of the *Mattel* action. However, it is undisputed that Evanston refused to
17  provide or fund a defense to the *Mattel* action prior to July 20, 2009.
18       Based on these undisputed facts, the Court finds as a matter of law that
19  California Civil Code § 2860(c) does not apply to the fees incurred by plaintiffs
20  when Evanston was in breach of its duty to defend. Section 2860(c) applies only
21  when the insurer has *accepted* the defense of the action and there is a conflict of
22  interest between insurer and insured requiring appointment of independent counsel.
23  As a matter of law, the statute does not apply where the insurer has *refused* to
24  provide a defense. *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039,
25  1047-48 (N.D. Cal. 2005) (citing *Concept Enterprises, Inc. v. Hartford Ins. Co. of*
26  *the Midwest*, 2001 WL 34050685, at *3 (C.D. Cal. May 22, 2001); *California v.*
27  *Pacific Indem. Co.*, 63 Cal. App. 4th 1535, 1544 (1998); *Foxfire, Inc. v. New*
28  *Hampshire Ins. Co.*, 1994 WL 361815, at *3 (N.D. Cal. July 1, 1994)).

Under California law, where the insurer has breached its duty to defend, the proper measure of damages is the actual costs of the defense incurred by the insured. *California v. Pacific Indem. Co.*, 63 Cal. App. 4th at 1555 ("By breaching its duty to defend, Pacific Indemnity became liable for reasonable attorney's fees incurred for the defense."); *Amato v. Mercury Cas. Ins. Co.*, 53 Cal. App. 4th 825, 831 (1997) ("Where an insured mounts a defense at the insured's own expense following the insurer's refusal to defend, the usual contract damages are the costs of defense."); *Stalberg v. Western Title Ins. Co.*, 230 Cal. App. 3d 1223, 1233 (1991) (breach of duty to defend "subjects [insurer] to liability for the insured's full attorneys' fees and costs incurred thereafter with other counsel").

Based on the same undisputed facts, the Court also finds that Evanston is liable for the costs of defending both covered *and* uncovered claims during the period of time when it was in breach of its duty to defend the *Mattel* action. "In a 'mixed' action, in which some of the claims are at least potentially covered or in which parts of a claim are potentially covered, and others are not, the insurer has a duty to defend the entire action." *California v. Pacific Indem. Co.*, 63 Cal. App. 4th 1535, 1547-48 (1998). "It has a duty to defend the 'mixed' action *in its entirety*, i.e., as to both the claims that are at least potentially covered, and also those that are not.... To defend meaningfully, it must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not." *Buss v. Superior Court*, 16 Cal. 4th 35, 58-59 (1997) (emphasis in original). This duty to defend "continues until the third party litigation ends, unless the insurer sooner proves, by facts subsequently developed, that the potential for coverage which previously appeared cannot possibly materialize, or no longer exists." *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643, 657 (2005).

In circumstances when an insurer has fulfilled its obligation to fund a complete defense to the entirety of a mixed action, it has an implied-in-law right to

seek reimbursement of defense costs allocable solely to claims that were not even potentially covered. *Buss*, 16 Cal. 4th at 50-52. However, this right of reimbursement is available only if the insurer has provided a defense subject to a reservation of rights. *Id.* at 61 n.27. Such a reservation of rights is necessary to give the insured an opportunity "to decide whether to accept the insurer's terms for providing a defense, or instead to assume and control its own defense." *Scottsdale Ins. Co.*, 36 Cal. 4th at 656.

As a matter of law, the right to reimbursement under *Buss* is not available to an insurer that has wrongfully refused to provide a defense. "The insurer must preserve its right to seek reimbursement *by undertaking defense of its insured upon an express reservation of rights*, a reservation the insurer may unilaterally impose." *California v. Pacific Indem. Co.*, 63 Cal. App. 4th at 1547 (emphasis added). "*Buss* was premised on a 'defend now seek reimbursement later' theory. By repudiating its duty to defend and providing no defense, [an insurer] has nothing from which to seek reimbursement." *Id.* at 1549 (citation omitted); *see also Cassady v. Morgan, Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 236 (2006) ("When an insurer *refuses* to defend an action in which a potential for coverage exists, the insured may recover defense costs, *including attorney's fees allocable to the defense of uncovered claims*, unless the insurer can prove they were unreasonable or unnecessary.") (emphasis added); *Prichard v. Liberty Mut. Ins. Co.*, 84 Cal. App. 4th 890, 907 n.16 (2000) (stating that "no *new* consideration is required to support the insurer's reimbursement right *beyond the provision of a defense to the whole of a mixed action in the first place*") (emphasis added); *Electronics for Imaging, Inc. v. Atlantic Mutual Ins. Co.*, 2007 WL 1430032 at *1-2 (N.D. Cal. 2007) (applying California law and holding that insurer who breached duty defend was liable for the cost of defending the entire action and was not entitled to deduct costs the insurer incurred in defending uncovered claims).

**THEREFORE**, plaintiffs' motion for partial summary judgment on Evanston's liability for defense costs is granted. Based on the undisputed facts, the Court finds as a matter of California law that: (i) the hourly rate limitation of California Civil Code § 2860(c) is not applicable to fees incurred when Evanston was in breach of its duty to defend; and (ii) Evanston is liable for the costs of defending both covered *and* uncovered claims during the period of time when it was in breach of its duty to defend.

IT IS SO ORDERED.

Dated: September ___, 2009

                                                                       Honorable Stephen G. Larson
                                                                       United States District Court Judge