MICHAEL J. BIDART #60582
RICARDO ECHEVERRIA #166049
**SHERNOFF BIDART DARRAS ECHEVERRIA, LLP**
600 South Indian Hill Boulevard
Claremont, CA 91711
Telephone: (909) 621-4935
Facsimile: (909) 625-6915

Attorneys for Plaintiffs MGA Entertainment, Inc. and Isaac Larian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; and ISAAC LARIAN, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; THE HARTFORD FINANCIAL SERVICES GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: EDCV-08-0457 SGL (RNBx) Consolidated with EDCV 08-0458 SGL (JCRx); EDCV 08-0459 SGL (JCRx) EDCV 09-0025 SGL (OPx)<br><br>STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON INSURANCE COMPANY'S LIABILITY FOR DEFENSE COSTS<br><br>Date: September 21, 2009<br>Time: 10:00 a.m.<br>Ctrm: 1<br>[Honorable Stephen G. Larson]<br><br>[Filed Concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Michelle Darringer; Request for Judicial Notice and Proposed Order] |

| | | |
|---|---|---|
| 1. | Evanston issued Commercial General Liability Policies to MGA and Larian for policy years 2001 and 2002. | Declaration of Michelle Darringer ("Darringer Dec."), ¶ 5-6, Exhibit. "1", pp.26; Exhibit "2", pp. 1. |
| 2. | Both policies provided coverage for damages caused by "personal and advertising injury." The coverage for personal and advertising injury included a provision stating: "We will have the right and duty to defend the insured against any 'suit' seeking those damages." | Declaration of Michelle Darringer ("Darringer Dec."), ¶ 7, Exhibit. "1", pp.2, 32; Exhibit "2", pp. 2, 25. |
| 3. | In April 2004, MGA's competitor, Mattel, Inc. ("Mattel"), filed suit against Carter Bryant, an MGA employee, in Los Angeles Superior Court. The action was removed to this Court. *Mattel, Inc. v. Bryant*, Case No. CV-04-9059 SGL (RNBx) ("the *Mattel* action"). | Request for Judicial Notice ("RJN"), Declaration of Michael J. Bidart ("Bidart Dec."), Exhibit "9". |
| 4. | The *Mattel* complaint alleged that Bryant had conceived and developed his idea for the popular "Bratz" dolls while working for Mattel and had misappropriated the idea and sold it to MGA. | RJN, Bidart Dec., Exhibit "9", pp. 1-12. |
| 5. | On July 17, 2007, Mattel filed a Second Amended Answer and Counterclaims ("SAAC") in the *Mattel* action. The SAAC named MGA, Larian, and several other former Mattel employees as counter-defendants. | RJN, Bidart Dec., Exhibit "8", pp. 1. |
| 6. | Mattel's SAAC included allegations that MGA and Larian had made misrepresentations to retailers about Mattel's products and had issued false and misleading press releases regarding the Bratz doll and Mattel's BARBIE products. | RJN, Bidart Dec., Exhibit "8", pp. 1, 29-77. |
| 7. | On October 22, 2007, MGA and Larian tendered the defense of the *Mattel* action to Evanston. | Darringer Dec., ¶8; Exhibit "3." |
| 8. | By letter dated November 13, 2007, Evanston denied the tender and stated: "No defense in the pending lawsuit will be provided." | Darringer Dec., ¶9; Exhibit "4." |

- 2 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON INSURANCE COMPANY'S LIABILITY FOR DEFENSE COSTS

| 9. | As a result of the refusal of Evanston and several other carriers to provide a defense in the *Mattel* action, MGA and Larian have incurred tens of millions of dollars in fees and costs to defend themselves. | Darringer Dec., ¶11. |
|---|---|---|
| 10. | The *Mattel* action is still in litigation. | Darringer Dec., ¶12. |
| 11. | On January 7, 2009, MGA and Larian filed this action against Evanston and other carriers alleging they had breached their duty to defend them in the *Mattel* action and seeking damages for the breach. The complaint alleged causes of action for breach of the covenant of good faith and fair dealing, breach of contract, and declaratory relief. | RJN, Bidart Dec., ¶12; Exhibit "10," pp. 1. |
| 12. | On June 24, 2009, this Court granted plaintiffs' motion for partial summary judgment on the issue of Evanston's duty to defend the *Mattel* action under both policies. The Court found that Evanston had a duty to defend because there was a potential for coverage based on Mattel's allegations of trade libel against MGA and Larian. | RJN, Bidart Dec., 9; Exhibit "11," pp. 9-10. |
| 13. | Based on this Court's ruling, Evanston finally agreed to participate in the ongoing defense of the *Mattel* action by letter dated July 20, 2009, subject to a reservation of rights. | RJN, Bidart Dec., 10; Exhibit "12," pp. 1. |
| 14. | Evanston still has not paid anything for defense costs incurred by MGA and Larian prior to July 20, 2009. | Darringer Dec., ¶13. |

## CONCLUSIONS OF LAW

### A. Jurisdiction and Choice of Law

1. This court has diversity jurisdiction to hear this action under 28 U.S.C. § 1332.

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON INSURANCE COMPANY'S LIABILITY FOR DEFENSE COSTS

2. In this diversity case, the Court must apply California substantive law when interpreting the Policy. *Manzarek v St. Paul Fire & Marine Ins. Company*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Aetna Cas. & Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346, 350 (9th Cir.1988).

### B. Principles of Partial Summary Judgment

3. Upon a showing that there is no genuine issue of material fact as to a particular claim, the Court may grant summary judgment in the Plaintiffs' favor upon all or any part thereof. FRCP 56(a) and (b); *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68(1st Cir. 1999); *Wang Laboratories, Inc. v. Mitsubishi Electronics, America, Inc.* 860 F.Supp. 1448, 1450 (CDCA 1993); *See* W. Schwarzer, A.W. Tashima, Wagstaffe, Federal Civil Procedure Before Trial (The Rutter Group 2008) at § 14:33. The standards and procedures are the same as for summary judgment of a claim. *Id.*

4. FRCP 56(c) provides that a Court shall grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Whether a fact is material is determined by looking to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts are deemed "material" if a dispute over them "might affect the outcome of the suit under the governing law. . ." *Id.*

5. The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Id.* at 256. FRCP 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided for in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse

1  party's pleadings, but the adverse party's response, by affidavits or as otherwise
2  provided in this rule, must set forth specific facts showing that there is a genuine
3  issue for trial. If the adverse party does not so respond, summary judgment, if
4  appropriate, shall be entered against the adverse party." FRCP Rule 56(e).

6.  As the Supreme Court explained in *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986):

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

475 U.S. at 586-87.

7.  Plaintiffs' motion seeks partial summary judgment on the following issues: (i) the hourly rate limitation of California Civil Code § 2860(c) does not apply to defense costs incurred while Evanston was in breach of its duty to defend, and (ii) Evanston is liable for the costs of defending both covered *and* uncovered claims while it was in breach of its duty to defend. These issues are appropriate for partial summary judgment. *See, e.g., Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005) (granting partial summary judgment on inapplicability of § 2860 to insurer that refused to defend).

## C. Applicability of California Civil Code § 2860

8.  When an insurer provides a defense to its insured, and appoints

independent counsel of the insured's choosing due to a conflict of interest, California Civil Code § 2860(c) states: "The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended." In the case of multiple insurers who provide a defense and all contribute to the cost of independent counsel, § 2860(c) imposes a cap on the rates applicable to all defendants collectively. *San Gabriel Valley Water Co. v. Harford Accident and Indem. Co.*, 82 Cal. App. 4th 1230, 1239-42 (2000).

9.  Section 2860(c) applies only when the insurer has *accepted* the defense of the action and there is a conflict of interest between insurer and insured requiring appointment of independent counsel. As a matter of law, the statute does not apply where the insurer has *refused* to provide a defense. *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1047-48 (N.D. Cal. 2005) (citing *Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest*, 2001 WL 34050685, at *3 (C.D. Cal. May 22, 2001); *California v. Pacific Indem. Co.*, 63 Cal. App. 4th 1535, 1544 (1998); *Foxfire, Inc. v. New Hampshire Ins. Co.*, 1994 WL 361815, at *3 (N.D. Cal. July 1, 1994)).

10. Under California law, where the insurer has breached its duty to defend, the proper measure of damages is the actual costs of the defense incurred by the insured. *California v. Pacific Indem. Co.*, 63 Cal. App. 4th at 1555 ("By breaching its duty to defend, Pacific Indemnity became liable for reasonable attorney's fees incurred for the defense."); *Amato v. Mercury Cas. Ins. Co.*, 53 Cal. App. 4th 825, 831 (1997) ("Where an insured mounts a defense at the insured's own expense following the insurer's refusal to defend, the usual contract damages are the costs of defense."); *Stalberg v. Western Title Ins. Co.*, 230 Cal. App. 3d

- 6 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON INSURANCE COMPANY'S LIABILITY FOR DEFENSE COSTS

1223, 1233 (1991) (breach of duty to defend "subjects [insurer] to liability for the insured's full attorneys' fees and costs incurred thereafter with other counsel").

### D.  Insurer's Liability for Costs of Defending Covered and Uncovered Claims

11. "In a 'mixed' action, in which some of the claims are at least potentially covered or in which parts of a claim are potentially covered, and others are not, the insurer has a duty to defend the entire action." *California v. Pacific Indem. Co.*, 63 Cal. App. 4th 1535, 1547-48 (1998). "It has a duty to defend the 'mixed' action *in its entirety*, i.e., as to both the claims that are at least potentially covered, and also those that are not.... To defend meaningfully, it must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not." *Buss v. Superior Court*, 16 Cal. 4th 35, 58-59 (1997) (emphasis in original). This duty to defend "continues until the third party litigation ends, unless the insurer sooner proves, by facts subsequently developed, that the potential for coverage which previously appeared cannot possibly materialize, or no longer exists." *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643, 657 (2005).

12. In circumstances when an insurer has fulfilled its obligation to fund a complete defense to the entirety of a mixed action, it has an implied-in-law right to seek reimbursement of defense costs allocable solely to claims that were not even potentially covered. *Buss*, 16 Cal. 4th at 50-52. This right of reimbursement is available only if the insurer has provided a defense subject to a reservation of rights. *Id.* at 61 n.27. "To the extent that this right is implied in law as quasi-contractual, it must indeed be reserved. ... To the extent that this right is implied in fact in the policy as contractual, it *should* be reserved. Through reservation, the insurer avoids waiver." *Id.* As the Court later explained, such a reservation of rights is necessary to give the insured an opportunity "to decide whether to accept

1   the insurer's terms for providing a defense, or instead to assume and control its
2   own defense." *Scottsdale Ins. Co.*, 36 Cal. 4th at 656.
3       13.    The right to reimbursement under *Buss* is not available to an insurer
4   that has wrongfully refused to provide any defense. "The insurer must preserve its
5   right to seek reimbursement *by undertaking defense of its insured upon an express*
6   *reservation of rights*, a reservation the insurer may unilaterally impose."
7   *California v. Pacific Indem. Co.*, 63 Cal. App. 4th at 1547 (emphasis added). "*Buss*
8   was premised on a 'defend now seek reimbursement later' theory. By repudiating
9   its duty to defend and providing no defense, [an insurer] has nothing from which to
10  seek reimbursement." *Id.* at 1549 (citation omitted); *see also Cassady v. Morgan,*
11  *Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 236 (2006) ("When an insurer
12  *refuses* to defend an action in which a potential for coverage exists, the insured
13  may recover defense costs, *including attorney's fees allocable to the defense of*
14  *uncovered claims*, unless the insurer can prove they were unreasonable or
15  unnecessary.") (emphasis added); *Prichard v. Liberty Mut. Ins. Co.*, 84 Cal. App.
16  4th 890, 907 n.16 (2000) (stating that "no *new* consideration is required to support
17  the insurer's reimbursement right *beyond the provision of a defense to the whole of*
18  *a mixed action in the first place*") (emphasis added).
19      14.    In *Electronics for Imaging, Inc. v. Atlantic Mutual Ins. Co.*, 2007 WL
20  1430032 (N.D. Cal. 2007), the district court, applying California law, held that an
21  insurer who had breached the duty to defend was liable for the cost of defending
22  the entire action, and was not entitled to deduct costs the insurer incurred in
23  defending uncovered claims. The court ruled that the right to reimbursement under
24  *Buss* applies only when the insurer accepted the defense under a reservation of
25  rights: "The insurer cannot seek reimbursement ... if it breached its obligation to
26  provide a defense in the first place-there is nothing to reimburse since the insurer
27  paid nothing." *Id.* at *1. The court noted that a contrary rule "would give an
28

- 8 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON INSURANCE COMPANY'S LIABILITY
FOR DEFENSE COSTS

1  insurer a disincentive to provide a defense; regardless of whether the insurer
2  provides a defense, the insurer would not be liable for those costs that it proves
3  were incurred solely in defense of non-covered claims." *Id.* at *2.

6  DATED: August 31, 2009          SHERNOFF BIDART
7                                   DARRAS ECHEVERRIA, LLP

9                                   By: /s/ Michael J. Bidart
10                                      MICHAEL J. BIDART
11                                      RICARDO ECHEVERRIA
                                        Attorneys for Plaintiffs MGA
12                                      ENTERTAINMENT, INC. and ISAAC
13                                      LARIAN

- 9 -
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON EVANSTON INSURANCE COMPANY'S LIABILITY
FOR DEFENSE COSTS