PAUL L. GALE (SBN 65873)
paul.gale@troutmansanders.com
ERIK M. PRITCHARD (SBN 244622)
erik.pritchard@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:   949.622.2700
Facsimile:    949.622.2739

SEAN M. HANIFIN, *Admitted Pro Hac Vice*
sean.hanifin@troutmansanders.com
TROUTMAN SANDERS LLP
401 9th Street, N. W., Suite 1000
Washington, D.C.  20004-2134
Telephone:  202.274.2950
Facsimile:   202.274.2994

MARTA B. ARRIANDIAGA (SBN 121303)
marriandiaga@rmkb.com
KIM KARELIS (SBN 170268)
kkarelis@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California  90071
Telephone:   (213) 312-2000
Facsimile:    (213) 312-2001

*Attorneys for Defendants*
EVANSTON INSURANCE COMPANY,
MARKEL CORPORATION and MARKEL
UNDERWRITING MANAGERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC. and ISAAC LARIAN,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD FIRE INSURANCE COMPANY, THE HARTFORD FINANCIAL SERVICES GROUP, and DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No. CV 08-0457 DOC (RNBx) consolidated with CV 08-0458 DOC (JCRx), CV 08-0459 DOC (JCRx), and CV 09-00025 DOC (OPx)<br><br>Hon. David O. Carter<br><br>**[PROPOSED] ORDER**<br><br>Date:        December 14, 2009<br>Time:        8:30 a.m.<br>Courtroom:  9D |

1027069v1

[PROPOSED] ORDER

Evanston Insurance Co., Markel Corporation and Markel Underwriting Managers, Inc.'s (collectively, "Evanston") submit the following Proposed Order on Evanston's second Motion for Partial Summary Judgment.

**FACTUAL BACKGROUND**

Defendant Evanston issued two one-year Commercial General Liability policies to MGA Entertainment, Inc. ("MGA") for policy and calendar years 2001 and 2002 (collectively, the "Evanston Policies"). MGA is a toy maker and has been embroiled in a dispute with Mattel, Inc. ("Mattel") for a number of years over the rights to the Bratz dolls (the "*Mattel* litigation").

In April 2004, Mattel filed the *Mattel* litigation against Carter Bryant, an MGA employee, in Los Angeles Superior Court. That action was subsequently removed to the United States District Court for the Central District of California, *Mattel, Inc. v. Carter Bryant*, USDC CDCA Case No. CV 04-9059 SGL (RNBx). In that case, Mattel sought damages and equitable relief regarding its claim that Mr. Bryant conceived and developed the Bratz dolls while working for Mattel. MGA intervened in the *Mattel* litigation and also filed a separate complaint against Mattel for unfair competition and related torts. Mr. Bryant had previously also filed a separate complaint against Mattel (which has since been dismissed), and all three actions were consolidated on June 19, 2006.

In January 2007, Mattel filed its First Amended Complaint in the *Mattel* litigation bringing claims against MGA and several former Mattel employees. In response, on January 5, 2007, MGA first tendered its defense of the *Mattel* litigation to Crum & Forster Specialty Insurance Company ("Crum & Forster"), which had issued successive one-year Commercial General Liability policies to

MGA for policy years 2003, 2004 and 2005. Crum & Forster declined a defense in response to that January 2007 tender.

On July 12, 2007, Mattel filed and served its Second Amended Answer and Counterclaims ("SAAC") in the *Mattel* litigation. The SAAC contained – for the first time – allegations that MGA and its principal, Isaac Larian, had made misrepresentations to Mattel's customers and the public concerning a new Mattel product that would compete with the Bratz dolls, the MY SCENE MY BLING BLING BARBIE, and that these misrepresentations amounted to unfair competition. Although the SAAC only alleged conduct occurring in 2006, on October 22, 2007, MGA tendered the SAAC to Evanston (on the risk in 2001 and 2002) and to Hartford Insurance Company ("Hartford") (on the risk in 1999 and 2000). On that same date, MGA tendered its defense against the SAAC to Lexington Insurance Company ("AIG"), which was on the risk as MGA's primary insurer in 2006 and 2007.

Given that the SAAC alleged conduct in 2006 and that AIG was the primary insurer on this risk in 2006, AIG agreed to provide MGA a defense of the *Mattel* litigation based on the tender of the SAAC. Evanston declined to provide a defense on the ground that no actions complained of in the SAAC occurred during the Evanston 2001-02 policy periods. In fact, the actions complained of in the SAAC concerned a product, Mattel's MY SCENE MY BLING BLING BARBIE, which was not even yet on the market in 2006, let alone in 2001 or 2002 when the Evanston policies were on the risk. Hartford also declined the tender on similar grounds. MGA and AIG subsequently reached an agreement as to the rate that AIG would pay MGA's independent defense counsel in the *Mattel* litigation. To date, AIG has reimbursed MGA in excess of $40 million in costs and expenses for the defense of the *Mattel* litigation.

On January 7, 2009, MGA filed this coverage action against Evanston. This action was subsequently consolidated with other lawsuits that MGA had previously filed against its other insurance carriers. After the parties filed competing Motions for Summary Judgment, on June 24, 2009, this Court (Larson, J.) issued an order holding that the allegations of Mattel's SAAC triggered Evanston's and Crum & Forster's duty to defend MGA against the *Mattel* litigation. In response to Judge Larson's Order, Evanston advised MGA it would participate with the ongoing defense of the *Mattel* litigation, subject to a full reservation of rights. Evanston subsequently began funding its allocable share of MGA's defense of the *Mattel* litigation.

**EVANSTON HAS NO OBLIGATION TO REIMBURSE MGA FOR PAST DEFENSE COSTS ABOVE THE AMOUNT FUNDED BY AIG**

MGA has demanded from Evanston more than $50 million in past defense costs, above and beyond the more than $40 million already reimbursed by AIG for the defense in the *Mattel* litigation. MGA's demand is inconsistent with California law, which holds that an insured is entitled to only one defense of a claim, regardless of the number of insurers obligated to cover that claim. This outcome is compelled by two basic propositions under California law. First, a defending insurer is obligated to defend against all claims in an action, both covered and uncovered. *See Upper Deck Co. v. Fed. Ins. Co.*, 358 F.3d 608, 612 (9th Cir. 2003) (quoting *Horace Mann Ins. Co .v. Barbara B.*, 4 Cal. 4th 1076, 1080 -81 (1993)). Second, an insured is only entitled to a single defense of an action, regardless of the number of potentially-responsible insurers. *See Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1089 (2005) (quoting *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 65 Cal. App. 4th 1279 (1998)); *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1187-88 (2000) (stating that a non-defending insurer would "not be liable to the [insured] for damages

arising from breach of that duty as a matter of law [because the insured] was adequately protected by other insurers."); *Ceresino v. Fire Ins. Exch.*, 215 Cal. App. 3d 814, 823 (1989) (explaining that where insured's "representation was undertaken by his other insurance company, [the non-defending insurer's] failure to defend was of no consequence except to [the defending insurer]").

Here, AIG provided MGA with the defense to which MGA was entitled in the *Mattel* litigation. Evanston therefore cannot be liable to MGA for any amount above that already paid by AIG. Rather, Evanston's obligation would be to reimburse AIG for Evanston's equitable share of the past defense costs actually paid by AIG. *Emerald Bay,* 130 Cal. App. 4th at 1092. The Court hereby finds and declares that Evanston has no obligation to MGA for past defense costs in excess of the amounts reimbursed by AIG.

## MGA IS NOT ENTITLED TO RECOVER PRE-TENDER DEFENSE EXPENSES

The Court also finds that Evanston is not responsible for defense expenses that MGA incurred before MGA tendered its defense of the *Mattel* litigation to Evanston on October 22, 2007. An insurer's duty to defend against a third party lawsuit only arises when the insured tenders its defense. *See Montgomery Ward & Co. v. Imperial Casualty & Indem. Co.*, 81 Cal. App. 4th 356, 373 (2000). If an insured fails to provide timely notice to its insurer and proceeds to incur defense expenses voluntarily, those expenses are not recoverable from the insurer. Either settled California case law or the "no voluntary payments" provisions of the Evanston policy independently compel this conclusion. *See Tradewinds Escrow v. Truck Ins. Exch.*, 97 Cal. App. 4th 704, 710 (2002); *Insua v. Scottsdale Ins. Co.*, 104 Cal. App. 4th 737, 743-44 (2002). Evanston is therefore not liable for any pre-tender defense costs incurred by MGA.

1  Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED**
2  that Defendants Evanston Insurance Co., Markel Corporation and Markel
3  Underwriting Managers, Inc.'s (collectively, "Evanston") Motion for Partial
4  Summary Judgment is **GRANTED**; and it is further

6  **ORDERED AND DECLARED** that Evanston is not liable to Plaintiffs
7  MGA Entertainment, Inc. and Isaac Larian (collectively, "MGA") for any amount
8  of past defense expenses in the actions consolidated under *Mattel, Inc. v. Carter*
9  *Bryant*, USDC CDCA Case No. CV 04-9059 SGL (RNBx) (the "*Mattel* litigation"),
10  in excess of the amounts reimbursed by MGA's other insurers; and it is further

12  **ORDERED AND DECLARED** that Evanston is not liable for any of
13  MGA's defense costs incurred before MGA's tender of the defense of the *Mattel*
14  litigation to Evanston on October 22, 2007.

16  Dated: _____, 2009        _____
17                                  Honorable David O. Carter
                                    United States District Court Judge