UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. EDCV 08-0457-DOC(RNBx)                                              Date: January 30, 2012
      Consolidated with: CV 10-7692-DOC(RNBx), CV 10-2355- DOC(RNBx), CV 09-7461-DOC(RNBx)

Title: MGA ENTERTAINMENT ET AL v. HARTFORD INSURANCE GROUP

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDERS TO SHOW CAUSE, RESCHEDULE HEARINGS, AND SET TRIAL DATES

      Based on an informal meeting with all parties today, the Court issues the following orders to show cause, reschedules hearings, and sets trial dates. The Court also memorializes several stipulations by counsel regarding which issues are appropriate for a bench trial. If any party plans to **raise an issue at trial** and that issue **has not been designated by this Order as appropriate for a bench or jury trial**, that party shall file a proposed amendment to this Order on or before **February 6, 2012**.

**I. Hearings on Remaining Summary Judgment Motions**

      Before the Court are four motions for summary judgment or partial summary judgment filed by Defendants Lexington Insurance Company, Chartis Specialty Insurance Company, and National Union Fire Insurance Company (collectively, AIG Defendants). (Dkts. 320, 323, 333, 342).

      The Court RESCHEDULES the hearings for these motions to **February 21, 2012,** at **1:30 p.m.** Accordingly, the hearing set for February 13, 2012, is removed from the calendar.

**II. Division of Issues Into Bench or Jury Trial**

      The parties today stipulated that the following issues shall be resolved by a **bench** trial:

(1) Evanston Defendants' **alter ego** relationship; (2) Evanston Defendants' right to an **offset**; (3) AIG Defendants' right to **contribution**.  In addition, all the parties EXCEPT the Evanston Defendants stipulated that the issue of whether an insurer owed a **duty to defend** to Plaintiffs MGA Entertainment, Inc., and Isaac Larian (collectively, "MGA Plaintiffs") as of the filing of the FAAC shall be resolved by a **bench** trial.

   The Evanston Defendants represented in today's hearing that they may file a stipulation to a bench trial on the issue of the duty to defend.  If the Evanston Defendants do not file a stipulation to a bench trial on the duty to defend by **February 1, 2012**, at **12 p.m.**, then the Evanston Defendants and the MGA Plaintiffs shall appear before this Court at that time to argue whether a bench trial on the duty to defend is appropriate.

   The Court anticipates a **jury trial** on the following issues: (1) the AIG Defendants' breach of the covenant of good faith; and (2) the Evanston Defendants' breach of the covenant of good faith.

### III. Trial Dates

   The **FIRST BENCH TRIAL** ("Phase 1") will commence on **March 13, 2012**, regarding whether: (1) the AIG Defendants owed the MGA Plaintiffs a **duty to defend** under the FAAC; (2) Defendant Crum & Forster owed the MGA Plaintiffs a **duty to defend** under the FAAC; and (3) the Evanston Defendants have an **alter ego** relationship.  If the Evanston Defendants stipulate to a bench trial on the duty to defend, the trial of the **Evanston Defendants' duty to defend** will **also** commence on March 13, 2012.  All direct testimony in Phase 1 shall be conducted by **written declarations** filed with this Court on or before **March 8, 2012**.

   A **JURY TRIAL** ("Phase 2") will commence on **April 3, 2012**, regarding whether: (1) the AIG Defendants committed a tortious breach of the covenant of good faith; (2) the Evanston Defendants committed a tortious breach of the covenant of good faith; and (3) the MGA Plaintiffs' damages for this tort.

   The following issues shall be tried in a **SEPARATE BENCH TRIAL** ("Phase 3") to commence **10 days AFTER the completion of Phase 2**: (2) Evanston Defendants' right to an **offset**; (3) AIG Defendants' right to **contribution**.  All direct testimony in Phase 3 shall be conducted by **written declarations** filed with this Court **at least 5 days before Phase 3 commences.**

   Given these dates, the **parties shall file on or before February 6, 2012, a stipulated proposed timeline** by which they will complete pre-trial deadlines (e.g. filing memoranda of contentions of fact and law, witness lists, motions in limine, etc.).

### IV. Hearing on OSC For Bench Trial on Breach of Contract and Contract Damages

The MGA Plaintiffs have brought a breach of contract claim against Defendants Evanston Insurance Company, Markel Corporation, and Markel Underwriting Managers, Inc. (collectively, "Evanston Defendants"). The Court believes that this claim is appropriately resolved in a bench trial.

Accordingly, the Court ORDERS the Evanston Defendants to SHOW CAUSE why the following issues should not be resolved by a **bench** trial: (1) whether the Evanston Defendants **breached** their contract; and (2) the amount of **contract damages** incurred by the MGA Plaintiffs as a result of that breach.

As discussed with parties today, the Evanston Defendants shall file their Response to this OSC on or before **February 6, 2012**. The MGA Plaintiffs shall file their Opposition on or before **February 10, 2012**. The Evanston Defendants shall file a Reply on or before **February 14, 2012**.

The Court SCHEDULES the hearing for this OSC on **February 21, 2012,** at **12:30 p.m.**

### IV. Hearing on OSC to Keep the AIG and Evanston Defendants' Jury Trials Together

At the hearing today, the AIG Defendants stated that they wished to be severed from the Evanston Defendants for the April 3, 2012, jury trial on whether either group of insurers committed a tortious breach of the covenant of good faith. The Court believes that the MGA Plaintiffs' claims against the two groups of insurers is appropriately tried together.

Accordingly, the Court ORDERS the AIG Defendants to SHOW CAUSE why they should be severed from the Evanston Defendants for the April 3, 2012, jury trial on whether either group of insurers committed a tortious breach of the covenant of good faith.

The AIG Defendants shall file a Response to this OSC on or before **February 6, 2012**. The MGA Plaintiffs and/or the Evanston Defendants shall file an Opposition, if at all, on or before **February 10, 2012**. The AIG Defendants shall file a Reply on or before **February 14, 2012**.

The Court SCHEDULES the hearing for this OSC on **February 21, 2012** at **12:30 p.m.**

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.