## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. EDCV 08-0457-DOC(RNBx)                              Date: February 16, 2012
    Consolidated with: CV 10-7692-DOC(RNBx), CV 10-2355- DOC(RNBx),  CV 09-7461-DOC(RNBx)

Title: MGA ENTERTAINMENT ET AL v. HARTFORD INSURANCE GROUP

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                       Not Present
Courtroom Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                 NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDERS DENYING MOTION TO AMEND ORDER

        Before the Court is a "Request for Correction of Court's February 6, 2012 Order" filed by Defendant Crum & Forster Specialty Insurance Company ("Defendant C & F").  (Dkt. 508).  The Request appears to actually be a motion for reconsideration and amendment of this Court's Order (Dkt. 495), which issued a summary judgment ruling adverse to Defendant C & F.  The Request seeks to amend the Order's statement that "C & F does *not* argue Exclusion (i) applies if this Court finds that a duty to defend arose under Offense (g)."  *See* Order (Dkt. 495) at 10:6-7.  Because this observation was an accurate statement, the Court DENIES Defendant C & F's Request.

### I. Background

        On January 30, 2012, the Court issued a tentative ruling and heard hours of oral argument on Defendant C & F's motion for summary judgment (Dkt. 327) regarding whether it owed a duty to defend its insured in the underlying litigation.  *See* Minutes (Dkt. 490).  As the Court explained in both its tentative ruling and final Order, the issue of whether Defendant C & F owed a duty to defend its insured required the court to "compare the terms of the insurer's policy with the facts alleged in the underlying suit's complaint."  *See* Order (Dkt. 495) at 7-8.

        Defendant C & F presented an intricate argument regarding two provisions and three exclusions of coverage in its policy.  *See id.* at 9:4-11:6 (summarizing argument).   As the Court

MINUTES FORM 11 DOC                              Initials of Deputy Clerk: jcb
CIVIL - GEN                                      Page 1 of 4

explained in *both* its *tentative ruling* and final Order, "C & F does *not* argue Exclusion (i) applies if this Court finds that a duty to defend arose under Offense (g)." *See* Order (Dkt. 495) at 10:6-7 (emphasis in the original).

Even though this observation appeared in the Court's tentative ruling, Defendant C & F did not state at oral argument that the Court mischaracterized Defendant C & F's position.

## II. Legal Standard

A Motion for Reconsideration is governed by the Federal Rules of Civil Procedure and the Local Rules. Local Rule 7-18 allows a motion for reconsideration to be brought where there is a "manifest showing of a failure to consider material facts presented." L.R. 7-18. However, on a summary judgment motion, "the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

A party may file a "motion to alter or amend a judgment" within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). However, "[t]here is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'" *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (holding that district court did not abuse its discretion to refuse to amend summary judgment).

## II. Discussion

Defendant C & F contends that it "***did*** argue that Exclusion (i) would apply to preclude coverage under Offense (g)." Request (Dkt. 508) at 2:8-9 (emphasis in original). As such, Defendant C & F's motion appears to be a request for reconsideration or amendment.

First, as an initial matter, the Court notes that none of the documents cited by the Request assert what Defendant C & F now argues, namely, that "Exclusion (i) would apply to preclude coverage under Offense (g)." On this basis alone the Court correctly concluded that the argument was not made. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001) ("[t]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." ).

Second, Defendant C & F's selective citation to parts of its Motion is unpersuasive because the cited text neither argues that "Exclusion (i) would apply to preclude coverage under Offense (g)" nor marshals language from the underlying complaint to support this conclusion. Defendant C & F's citation to pages 16:10-21 of its Motion is unavailing because this text merely

argues that the policy's language "make[s] clear" that "[u]nless the [underlying suit's] claim is that the copyright infringement took place in MGA's advertisements, there is no coverage."  This argument says nothing about whether Exclusion (i) would apply to preclude coverage under Offense (g).  In addition, Defendant C & F's citation to pages 15:5-16 is misleading because this citation omits the critical conclusion of that section, which discussed Exclusion (i) *only in the context of* Offense (f).  *See* Motion (Dkt. 327) at 15:5-16 ("In sum, C&F owes no duty to defend MGA for any claims in the FAAC based on misappropriation because there is no potential for coverage under offense (f) of the Policies and/or exclusion (i) applies to exclude coverage.").

Third, the transcript of oral argument cited by Defendant C & F does not indicate that it actually provided facts or law to show that "Exclusion (i) would apply to preclude coverage under Offense (g)."  Instead, the exchange recounted by Defendant C & F merely reflects Defendant C & F's failure to read the entirety of the Court's tentative ruling.  Defendant C & F stated at oral argument that "at page 38 and 39, Your Honor refers to exclusions (c) and (f), but not (i), and so we're just pointing out the additional exclusion."  *See* Request Ex. A 39:9-21.  Defendant C & F was referring to the chart in which the Court listed the relevant policy language.  Both at the time the comment was made and now in the present Motion, Defendant C & F's comments at oral argument overlooked that the Court *did* list Exclusion (i) – on page 35-36 – and discussed Exclusion (i) in great detail in both the tentative ruling and final Order.  *See* Order (Dkt. 495) at 2-3, 9-11, 21-23.[1]

In sum, Defendant C & F did not previously argue that "Exclusion (i) would apply to preclude coverage under Offense (g)," and thus this Court will not amend its Order to state otherwise.  *See Mountain View Hospital, L.L.C. v. Sahara, Inc.*, No. 4:07–cv–464–BLW, 2012 WL 397704 at *1, 3, 7 (D. Idaho February 7, 2012) (denying "Motion for Clarification" of prior summary judgment order because party seeking clarification "raises a number of other arguments that were not before the Court on motions for summary judgment, and are therefore beyond the scope of a request to clarify or reconsider the Court's decision"); *cf. O'Brien v. Napolitano*, No. C 10–01830 EDL, 2012 WL 423732 (N.D.Cal. February 8, 2012) (denying defendant's summary judgment motion in part where "[d]efendant did not raise this argument in its opening summary judgment brief").

---

[1]Curiously, Defendant C & F's Exhibit A also highlights Defendant C & F's assertion at oral argument that "Offense (g) is  very clear, that any such use must be in an advertisement" and that "there isn't any such finding" in the Court's tentative ruling regarding the policy's phrase "in your advertisement."  Even at the time this comment was made, this comment overlooked an express holding of this Court's tentative ruling.  Indeed, this Court presciently included in its final Order a footnote to "draw[] Defendant C & F's attention to this paragraph because, at oral argument, Defendant C & F contended that the Court did not address the portion of the 2003-05 Policy that required the insured's act to be 'in [the insured's] 'advertisement.'" *See e.g.,* Order (Dkt. 495) at 31 n.12.

Accordingly, the Court DENIES Defendant C & F's Request.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.