O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., et al.<br><br>  Plaintiffs,<br><br>  vs.<br><br>THE HARTFORD INSURANCE GROUP, et al.,<br><br>  Defendants. | Case No.: ED CV 08-0457-DOC(RNBx)<br><br>Consolidated with: CV 10-7692-DOC(RNBx), CV 10-2355- DOC(RNBx), CV 09-7461-DOC(RNBx)<br><br>**ORDER GRANTING THE EXCESS INSURERS'MOTION FOR SUMMARY JUDGMENT (Dkt. 323)** |

Before the Court is a Motion for Summary Judgment filed by National Union Fire Insurance Co. of Pittsburgh, PA ("National Union"), American International Underwriters Insurance Co. ("AIU"), and Chartis Specialty Insurance Co. ("Chartis") (collectively, the "Excess Insurers"). (Dkt. 323). After considering the papers for and against the motion and oral argument, the Court GRANTS the motion.

**I.  Duty to Defend**

The gravamen of the Excess Insurers' motion is that they are not obligated to defend the insured, MGA Entertainment, Inc. ("MGA"), in the underlying Mattel action so long as the

Primary Insurers in this case, Evanston Insurance Company ("Evanston"), Crum & Forster Specialty Insurance Company ("Crum & Forster"), and Lexington Insurance Company ("Lexington"), owed a duty to defend under their respective primary policies.

MGA "does not dispute that to the extent its primary-level carriers are found to owe it a duty to defend, the Excess Carriers do not owe such a duty." (Opp'n at 1.)

Because the Court has concluded that the Primary Insurers owe MGA a duty to defend under their respective Policies,[1] the Court finds, based on MGA's concession, that the Excess Carriers' drop-down or umbrella coverage is not implicated and the Excess Carriers owe MGA no duty to defend the underlying Mattel action.

## II.     Bad Faith Counterclaim

The Excess Insurers also move for summary judgment on MGA's bad faith counterclaim, arguing that the filing of this action does not constitute bad faith, and that the Excess Insurers did not unreasonably withhold policy benefits from MGA. The Excess Insures also point out that because MGA has not alleged a breach of contract claim, the bad faith claim cannot survive on its own.

MGA makes the same arguments it did in opposition to Lexington's motion for summary judgment. While MGA concedes that while *filing* a declaratory relief action may not constitute

---

[1] As explained in the Court's ruling on Lexington's motion for summary judgment, the Court treats MGA's opposition to Lexington's motion as a cross-motion for summary judgment on the issue of duty to defend. In that order, the Court concludes that Lexington owed MGA a duty to defend under the relevant Lexington Policies. Likewise, on February 14, 2012, the Court amended its prior orders regarding Evanston's and Crum & Forster's duty to defend by converting those orders into grants of summary judgment in favor of MGA (Dkt. No. 510). Specifically, the Court recognized that the effect of denying the insurers' motions for summary judgment on duty to defend was to legally establish the existence of the duty to defend. *See Anthem Elecs. , Inc. v. Pac. Employers Ins. Co.*, 302 F.3d 1049, 1060 (9th Cir. 2002) (denying insurer's motion on duty to defend legally establishes existence of duty to defend).

bad faith, it argues that taking an unreasonable or legally untenable coverage position in such an action may give rise to bad faith liability.

Under California law, in the insurance context, there are two requirements to establish a breach of the implied covenant of good faith and fair dealing (the "bad faith counterclaim"): (1) benefits due under an insurance policy have been withheld; and (2) the insurer withheld the benefits unreasonably or without proper cause. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). The first threshold requirement may be met where benefits are either withheld or delayed. *Id.* If policy benefits are not due, there can be no breach of contract for failing to provide them and thus no bad faith. *See also Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1250 (2006). Outside of the contractual context, however, in California, an insurer may also be liable to the insured in tort for breach of the implied covenant of good faith and fair dealing where an insurer breaches its special duties to: (1) investigate claims thoroughly, (2) not deny coverage based on either unduly restrictive policy interpretations or improper standards, and (3) not unreasonably delay in processing or paying claims. *Love*, 221 Cal. App. 3d at 1148.

As it did with respect to Lexington's similar motion, the Court finds that the Excess Insurer's *filing* of the declaratory relief action to challenge the reasonableness of MGA's independent counsel fees was not bad faith as a matter of law. *See Atlas Assurance Co. v. McCombs Corp.*, 194 Cal. Rptr. 66, 74 (Cal. Ct. App. 1983) (filing declaratory relief action to determine extent of duties owed to insured not bad faith).

Moreover, the Court concludes that the decision to dispute certain fees and arbitrate the dispute was not objectively unreasonable, and therefore cannot constitute bad faith. After the filing of the declaratory relief action, pursuant to the parties' December 19, 2008 settlement agreement, the fees dispute was sent to arbitration. Sheridan Decl., Ex. R at ¶ 6. Upon the conclusion of the arbitration proceedings, MGA was awarded only about three quarters of the requested fees, and its request for interest was denied because the panel found that "the issues [in the arbitration] concerned vigorous disputes about the amount, character and necessity of the services rendered . . . ." Sheridan Decl., Ex. 5 at 790, ¶ 6. This alone suggests the dispute was

reasonable. *See, e.g., Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1470 (2011) (objecting, on grounds of excessiveness, to independent counsel's fees was not unreasonable as a matter of law, as demonstrated by results of arbitration, which awarded reduced fees).

MGA argues that the arbitrators' award for certain categories of work shows that the Excess Insurers acted unreasonably in withholding some fees, but the Court disagrees with this characterization of the award. The panel did not conclude that the Excess Insurers acted unreasonably, and some fees were awarded while others were not. As previously stated, MGA's request was reduced by about 25% and the request for interest was denied.

MGA has been paid according to the arbitrators' award and MGA does not contend otherwise. MGA argues that it was prejudiced in the Mattel Action by the coverage position taken by the Excess Insurers in the declaratory relief action, however, MGA does not elaborate on this argument or cite any disputed material facts that would prevent dismissing this claim as a matter of law. To dispose of this claim, the Court asks whether the Excess Insurers unreasonably withheld, delayed, or denied coverage, and based on the foregoing undisputed facts, the Court concludes that they did not. Accordingly, the Excess Insurers' motion for summary judgment on the bad faith counterclaim is granted and the bad faith counterclaim is dismissed.

### III.  Disposition

For the reasons stated above, the Court GRANTS the Excess Insurers' Motion for Summary Judgment. The Court finds that the Excess Insurers owed no duty to defend and that the bad faith counterclaim fails as a matter of law. Thus, the counterclaim is dismissed with prejudice.

DATED: April 12, 2012

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE